UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 12-81397-CIV-MARRA/MATTHEWMAN

SUN CAPITAL PARTNERS, INC.

  *Plaintiff,*

v.

TWIN CITY FIRE INSURANCE
COMPANY,

  *Defendant.*

_____/

## MOTION TO COMPEL

  Sun Capital Partners, Inc. seeks indemnity from Twin City Fire Insurance Company in this action, claiming it is entitled to "the total amounts that [it] paid in defense and settlement" of *Mervyn's, LLC v. Lubert-Adler and Klaff Partners, LP, et al.*, No. 08-51402, U.S. Bankruptcy Court for the District of Delaware (the "Underlying Litigation"). At the heart of this dispute is whether Sun Capital actually paid for the defense and settlement of the Underlying Litigation, and whether Twin City had a contractual obligation to indemnify those purported payments, *i.e.*, whether those alleged payments were covered by the Universal Excess Policy issued to Sun Capital by Twin City.

  In its effort to defend these issues, Twin City served on Sun Capital its First and Second Requests for Production. (Attached, with Sun Capital's responses, as Exs. A and B.) Sun Capital, despite the passage of more than fourteen months, still has not produced all responsive documents. The parties have exchanged countless emails and letters and held numerous teleconferences in their joint effort to resolve the many discovery disputes. Nonetheless, on August 4, Sun Capital refused to reconsider its position on improperly withholding and redacting two sets of documents on grounds of attorney-client privilege and work-product protection: (1) communications with its broker, Marsh USA, Inc., about its claims ("Marsh Communications"), and (2) insurance coverage analyses contained in Case Status Reports sent to Sun Capital by its defense counsel in the Underlying Litigation ("Coverage Analyses"). These withholdings and redactions are improper, and Twin City requests that the Court overrule Sun Capital's objections and compel production of the Marsh Communications and the Coverage Analyses.

- 1 -

36314396.1

## Argument and Citation to Authority

**A.  Florida law governs attorney-client privilege, federal law governs work-product protection, and Sun Capital bears the burden of establishing both.[1]**

Federal Rule of Evidence 501 mandates that state law governs attorney-client privilege determinations, but federal law governs analyses of work-product assertions. Fed. R. Evid. 501; Fed. R. Civ. P. 26(b)(3); *Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, No. 08-23343-CIV, 2011 WL 3918597, at *2-3 (S.D. Fla. Sept. 6, 2011) ("*Maplewood I*"). Twin City is entitled to the Marsh Communications and Coverage Analyses unless Sun Capital "can meet [its] burden of establishing that a privilege or the work-product doctrine exempts those documents from discovery." *Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013). Even where privilege exists, "[a] party seeking to pierce the privilege need only establish a *prima facie* case that the client's privilege was waived," at which point the party asserting privilege "must establish—by a preponderance of the evidence—that the privilege was not waived." *Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 584 (S.D. Fla. 2013) ("*Maplewood II*").

Sun Capital's privilege logs fail to meet this burden. (*See* Privilege Logs, attached as Ex. C.) Local Rule 26.1(g) requires that any objection "shall state with specificity all grounds." Sun Capital, then, has an obligation to "prepare a privilege log that has enough information about the communication so that the opposing party or the court can determine, at a minimum, that the claimed privilege might apply." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1293 (S.D. Fla. 2012). That is, "[a] claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity." Discovery Practices Handbook, Appendix A to Local Rules at III.B.f. (stating that "[o]bjections to the production of documents, electronically stored information or things based on generalized claims of privilege will be rejected"). Sun Capital's generalized objections do not suffice.

**B.  Marsh is neither a law firm nor the client, thus the Marsh Communications are not attorney-client communications.**

In addition to the inadequacies of its privilege logs, Sun Capital cannot establish that the Marsh Communications are attorney-client communications. For attorney-client privilege to apply, there must be "[a] communication between lawyer and client." Fl. St. § 90.502; *see also*

---

[1] Despite the complexity of the facts underlying Sun Capital's purported payment of defense and settlement costs, Twin City is mindful of the Court's Order Setting Discovery Procedure mandating that "[a]ll discovery motions shall be no longer than five (5) pages." (Dkt. 23.) Accordingly, Twin City can provide a case synopsis for the Court's convenience, in the event the Court would like additional background.

*Provenzano v. Singletary*, 3 F. Supp. 2d 1353, 1366 (M.D. Fl. 1997) ("The privilege is only available . . . (1) [w]here legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) [and] the communications relat[e] to that purpose . . ."). Here, communications with Marsh are not communications between lawyer and client; rather, the vast majority of these communications are communications between Sun Capital and its broker, Marsh. (*See* Documents Requested in Twin City's Motion to Compel attached as Ex. D.)[2] Marsh is not a professional legal advisor, and attorney-client privilege cannot attach to communications between a client (or its attorney) and a third party. *See Home Ins. Co. v. Advance Mach. Co.*, 443 So. 2d 165, 169 (Fla. 1st DCA 1983) ("Only those communications which *actually* fall under the attorney/client privilege are protected."). Consequently the Marsh Communications are not attorney-client communications susceptible to the privilege.

C. **Sun Capital's disclosure of privileged communications to Marsh constitutes third-party disclosures.**

Because it is not a professional legal advisor, Marsh's receipt from Sun Capital of attorney-client communications constitutes third-party disclosure. *See* Fl. St. § 90.507 (A person . . . waives the privilege if the person . . . voluntarily discloses or makes the communication"); *Maplewood II*, 295 F.R.D. at 584 ("waiver can be found by voluntary disclosure"); *Great Am. Assurance Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1091 (N.D. Cal. 2009) (insured's disclosure to insurance broker waived attorney-client privilege and "was a voluntary waiver of the attorney work-product protection). Additionally, attorney-client privilege does not attach to communications between non-attorneys where the attorney is merely copied. *Maplewood II*, 295 F.R.D. at 592 n.176 ("an e-mail sent between employees of an entity that is simply copied or forwarded to an attorney is not viewed as a legally privileged communication").

D. **The Marsh Communications contain unprotected, third-party business advice.**

Even if the Marsh Communications were between attorney and client, the "privilege protects only those disclosures necessary to obtain informed legal advice." *State v. Branham*, 952 So. 2d 618, 621 (Fla. 2d DCA 2007). "The burden of proof rests squarely on the party claiming the attorney-client privilege to show that the primary purpose of the communication in question was for the purpose of obtaining legal advice, not business advice." *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 689 (S.D. Fla. 2009). Sun Capital communicated with Marsh to obtain business advice, not legal advice. Specifically, Marsh

---

[2] Twin City attaches Exhibit D to assist the Court in matching each of Twin City's bases for production with the applicable communications/documents requested.

communicated in its capacity as Sun Capital's insurance broker. Brokers routinely provide assistance to customers in submitting claims, as Marsh did here, acting as a liaison with Sun Capital's Insurers, and also advocating for coverage. That is business advice, not legal counsel. Marsh is thus not a legal advisor, and its business advice is not privileged. A finding to the contrary would have the practical effect of sealing as privileged the lion's share of Marsh's day-to-day business. Third-party brokers and claims processors should not be afforded such far-reaching protection.

E. **Sun Capital asserts work-product protection before it could reasonably anticipate litigation with Twin City.**

Sun Capital asserts both attorney-client privilege and work product on nearly all (if not all) Marsh Communications and Coverage Analyses. Federal law mandates that a party may not assert work product for documents unless they were "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). Here, Sun Capital could not reasonably anticipate litigation with Twin City until Twin City informed Sun Capital on November, 2, 2012, that it would not indemnify Sun Capital for certain costs Sun Capital allegedly incurred. *See Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, No. 2:12-cv-443-FtM-29Cm, 2014 WL 1689275, at *4 (M.D. Fla. 2014) (concluding insured could reasonably anticipate litigation after insurer's notice of non-payment). Nor can Sun Capital claim that the Marsh Communications or the Coverage Analyses are protected work product from the Underlying Litigation as communications regarding insurance coverage were not germane to Sun Capitals defense on the merits. Documents and communications prepared before November 2, 2012, then, are not protected work product.

F. **This Court's opinions in *Maplewood* call for production of the Marsh Communications and Coverage Analyses.**

This Court's opinions in *Maplewood I* and *Maplewood II* are on point, and provide a thorough analysis of the merits of an insured's assertions of attorney-client privilege and work product in breach-of-insurance-contract actions. Under *Maplewood II*, the common-interest exception to attorney-client privilege mandates that an insured cannot withhold from its insurer privileged documents from the underlying litigation. *Maplewood II*, 295 F.R.D. at 613-614. *See also Springer v. United Servs. Auto. Ass'n,* 846 So. 2d 1234, 1235 (Fla. 5th DCA 2003) (finding that the insured and insurer have a common interest in the defense of a claim); *Fla. Sheriffs' Self-Ins. Fund v. Escambia County,* 585 So. 2d 461, 463 (Fla. 1st DCA 1991) (explaining that "[t]he issues of coverage and possible settlement were matters of 'common interest' to both the County and the Fund"). It makes no difference if the insurer and insured become adverse. *Maplewood II*, 295 F.R.D. at 631; *Springer,* 846 So. 2d at 1235.

Additionally, insurers and insureds are co-clients of defense counsel where the insured "ma[kes] a claim under [its] Policy, effectively inviting the insurer into the Plaintiff['s] relationship with its selected counsel, at least temporarily and only as to this subject matter." *Maplewood II*, 295 F.R.D. at 613. Even if the parties do not share a common interest, "voluntarily communicating with [the insurer] as to privileged topics constitute[s] a selective waiver of the privilege." *Id.* at 618.[3]

The circumstances here command the same result. The parties memorialized their common interest when they executed the Joint Defense, Common Interest, Privilege and Confidentiality Agreement specifically stating they shared "a commonality of interest with respect to defending against the claims or causes of action that were asserted in the [Underlying] Litigation." (Dec. 10, 2009 Joint Defense, Common Interest, Privilege and Confidentiality Agreement at 2 and attached as Ex. E.) This acknowledged common interest prohibits Sun Capital from now withholding or redacting attorney-client communications from the Underlying Litigation.

### G. Sun Capital waived its privilege and protection by placing the substance of the Marsh Communications and Coverage Analyses at issue.

Sun Capital placed the Marsh Communications and Coverage Analyses at issued when it asserted claims in its Complaint that Twin City breached the Policy by allegedly failing to indemnify Sun Capital (¶ 1), failing to properly allocate coverage by considering the relative exposure of claims in the Underlying Litigation (¶¶ 62-70), and failing to provide coverage for fees and settlement (¶ 70). Sun Capital cannot assert these claims against Twin City and at the same time withhold the documents relevant to those claims. *See Maplewood II*, 295 F.R.D. at 615-616, 624-626 (substantially concluding the same); *see also First So. Baptist Church of Mandarin, Fla., Inc. v. First Nat'l Bank*, 610 So. 2d 452, 454 (Fla. 1st DCA 1992) ("[a] party who files a claim based upon a matter that was previously privileged has thus ceased treating the matter as confidential"); *GAB Business Services, Inc. v. Syndicate*, 809 F.2d 755, 762 (11th Cir. 1987) ("It is the rule in Florida that a party who bases a claim on matters which would be privileged, the proof of which will necessitate the introduction of privileged matter into evidence, and then attempts to raise the privilege so as to thwart discovery, may be deemed to have waived that privilege.") (citations and quotation omitted). Consequently, even if a privilege or protection applies to the Marsh Communications and/or the Coverage Analyses (and none should apply), the subject matter of those documents are at the heart of this dispute and the

---

[3] The *Maplewood II* Court also noted that failure to produce requested documents, even if privileged, could "constitute[] a breach of [a] cooperation clause." *Id.* at 614 n. 252.

privilege and/or protection therefore has been waived.

Accordingly, Twin City asks the Court to grant this motion and compel Sun Capital to produce the Marsh Communications and Coverage Analyses reflected in Exhibit D.

Dated this 3rd day of September, 2014.

/s/ David J. Forestner
David J. Forestner
Florida Bar No. 0371040
David M. Leonard (*admitted pro hac vice*)
Georgia Bar No.446625
dforestner@cfjblaw.com
dleonard@cfjblaw.com

CARLTON FIELDS JORDEN BURT, P.A.
1201 West Peachtree Street
Suite 3000
Atlanta, Georgia 30309-3455
Telephone:    (404) 815-3400
Facsimile:    (404) 815-3415

Joseph Ianno, Jr.
Florida Bar No. 655351
jianno@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
CityPlace Tower – Suite 1200
525 Okeechobee Boulevard
West Palm Beach, Florida 33401

Telephone:    (561) 659-7070
Facsimile:    (561) 659-7368

*Attorneys for Defendant Twin City Fire Insurance Company*

## CERTIFICATE OF COMPLIANCE

Twin City hereby certifies that it has complied with the requirements of Federal Rule of Civil Procedure 37(a)(1) and has in good faith conferred with counsel for Sun Capital by telephone, e-mail, and letter on numerous occasions in an effort to obtain the requested discovery without court action.

/s/ David J. Forestner
David J. Forestner

36314396.1

## CERTIFICATE OF SERVICE

**I hereby certify** that on September 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David J. Forestner
David J. Forestner

36314396.1

## SERVICE LIST

*Sun Capital Partners, Inc. v. Twin City Fire Insurance Company*
Case No.:  12- 81397-CIV-MARRA/MATTHEWMAN
United States District Court, Southern District of Florida

| | |
|---|---|
| R. Hugh Lumpkin<br>hlumpkin@vpl-law.com<br>Janine Q. Menendez-Aponte<br>jmenendez-aponte@vpl-law.com<br>Brian Jacobson<br>bjacobson@vpl-law.com<br>Ver Ploeg & Lumpkin, PA<br>100 S.E. 2nd Street<br>Thirtieth Floor<br>Miami, FL  33131-2151<br>Phone: 305-577-3996<br>Fax: 305-577-3558 | Michael R. Delhagen, Esq.<br>Co-Counsel for Twin City Fire<br>Tressler LLP<br>One Penn Plaza<br>Suite 4701<br>New York, NY 10119<br>Telephone: 646-833-0900<br>Email:  mdelhagen@tresslerllp.com |