UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

SUN CAPITAL PARTNERS, INC.

    Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY,

    Defendant,
_____/

### SUN CAPITAL'S MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA ISSUED TO HOUSTON CASUALTY COMPANY[1]

Plaintiff, Sun Capital Partners, Inc. ("Sun"), pursuant to Fed. R. Civ. P. 45, 26(c) and S.D. Fla. L.R. 26.1(h)(3) moves for entry of an Order quashing and/or for entry of a protective order regarding a subpoena Twin City Fire Insurance Company ("Twin City") issued to Houston Casualty Company ("Houston Casualty") (Ex. A[2]). The subpoena seeks information that is irrelevant to this insurance coverage action.

### FACTUAL BACKGROUND

This is an action for breach of contract arising out of Twin City's failure to comply with its defense reimbursement and indemnity obligations under an excess "follow form" insurance policy issued to Sun in connection with a lawsuit originally captioned *Mervyn's, LLC v. Lubert-Adler & Klaff Partners, LP, et al.*, No. 08-51402 (Bankr. D. Del. 2008) ("Underlying Lawsuit"). Sun's primary insurance carrier, Houston Casualty, paid the full amount of its liability for the

---

[1] This is a companion to Sun's motion regarding subpoenas that Twin City issued to co-defendants and an entity related to the Underlying Lawsuit. In an effort to reduce redundancy, the standard of law section is set forth herein as to both.

[2] For the sake of simplicity, we do not attach the exhibits to the subpoenas.

1

Underlying Lawsuit[3] thereby causing Twin City's policy obligations to attach, which it has declined to honor.

According to the pleadings, including the defenses asserted by Twin City [D.E. 14] (Ex. B), the issues in this coverage action are straightforward legal issues, including, mainly, whether Twin City breached its policy of insurance to its insured by failing to pay covered amounts paid in defense or in settlement of the Underlying Lawsuit, whether any allocation as between covered and uncovered matters is required or necessary, whether Sun's cost savings strategy of pooling resources with the Joint Defense Team[4] (which ultimately inured to the great benefit of Twin City) was "reasonable and necessary;" and, whether the payments made in settlement of the Underlying Action were incurred by Sun regardless of how and by whom actually paid (though this has not been formally plead as a defense). Twin City, however, seeks to litigate this case out of proportion to those issues, including attempting to obtain copies of insurance policies which do not insure Sun. Permitting the irrelevant discovery sought would only delay the case, confuse the dispute, and prejudice Sun.

Sun moreover served its own limited subpoena on Houston Casualty for documents related to issues in this case. Documents were received and produced to Twin City. We understand that Twin City takes issue with Houston Casualty's withholding and logging of certain documents. If true, the simple solution is to take that issue up with Houston Casualty and avoid needless duplication of effort.

## ARGUMENT AND MEMORANDUM OF LAW

**A. Standard of Law**

Federal Rule of Civil Procedure 45 permits a court to quash or modify a subpoena if it "requires disclosure of privileged or other protected matter." FED. R. CIV. P. 45(c)(3)(A)(iii). The purpose is to protect "the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information. It corresponds to Rule 26(c)(7)." FED. R. CIV. P. 45, Advisory Committee Notes, 1991 Amendment. A court may deem a party's motion to quash as a motion for protective order under Rule 26(c), and a party "clearly [has] standing to move for a protective order if the subpoenas seek irrelevant information." *Auto-*

---

[3] That policy had a $10 million limit, though some monies were paid out of that bucket for other unrelated litigation matters involving Sun Capital.

[4] For additional information regarding the Joint Defense Team, please see Sun's companion motion.

*Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (granting protective order to prevent the discovery of information irrelevant to the lawsuit); *Fair Hous.Ctr. of the Greater Palm Beaches, Inc. v. High Point of Delray Beach Condo. Ass'n, Sec. 1, Inc.,* 05-81040-CIV, 2006 WL 8066685, at *1 (S.D. Fla. Oct. 23, 2006). The decision to enter a protective order is within the court's discretion and therefore does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir.1985).

Rule 26 of the Federal Rules of Civil Procedure specifically provides that "the court must limit the frequency or extent of discovery . . . if it determines that: the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). The subpoena power of Rule 45 is thus subject to the general standards applicable to all discovery under Rule 26. Thus, Rules 45 and 26 inform this Court's decision.

FED. R. CIV. P 26(c)(1) provides that a party may move for protective order to protect any non-party from annoyance, embarrassment, oppression, or undue burden or expense by "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Rule 26(b)(1) defines the scope of discovery as inclusive of "nonprivileged matter that is relevant to any party's claim or defense . . ." Information is deemed relevant and discoverable only if it appears reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 401. This requires that the discovery sought have some bearing on the claims or defenses in the case. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* No. 01-0392-CIV-GOLD, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001); FED. R. EVID. 401 (relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence).

Although the scope of discovery is broader than evidence ultimately admissible at trial, discovery requests must be tailored to seek only information reasonably calculated to lead to the discovery of admissible evidence and must be described with reasonable particularity. *Dunkin' Donuts*, 2001 WL 34079319 at *2. Overly broad discovery requests that seek information beyond the relevant issues involved in the litigation are improper. *Id*. Discovery may not be used as a "fishing expedition" to flesh out claims that may or may not exist and which are based

on mere speculation and conjecture. *Davenport v. State Farm Mut. Auto. Ins. Co.*, 3:11-CV-632-J-JBT, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012).

### B. The Subpoena Seeks Overly Broad, Irrelevant Information

The bases to quash and/or for entry of a protective order are addressed below. Because we do not object to the entirety of the subpoena, we identify verbatim the specific item of discovery,[5] the type of protection requested and the reasons supporting protection. S.D. FLA. L.R. 26.1(h)(3).

#### i. Request Nos. 4, 5, 6, 10, 11, 20, 23

Twin City's requests go far beyond the issues in this case, requesting production of insurance policies that were not issued to Sun, amounting to an unwarranted fishing expedition into irrelevant matters that serve no meaningful purpose in the present litigation. Because the only relevant insurance policies belong to Sun, these requests are overly broad. Twin City does not contend that "other insurance" issues are present here or that other insurance somehow excuses it from the promises made to Sun as expressed in the Policy. These requests should either be prohibited or limited to those matters at issue in this lawsuit – i.e. information limited to the policy that Houston Casualty issued to Sun.

#### ii. Request Nos. 25

Read literally, this request seeks production of all documents pertaining to the Houston Casualty Primary Policy without limitation as to time. This will result in the production of responsive documents, the great majority of which will have nothing to do with the subject matter of this suit (or have already been produced to Twin City). That such a request is overly broad on its face is obvious. If forced to respond to this request as drafted, Houston Casualty would produce every single piece of information in its file, even the most mundane. Even with limitations as to time and scope, the documents potentially responsive to this request would have no bearing on the claims or defenses in this matter. For example, the underwriting files and presentations made regarding the Houston Casualty policy are not germane to any issues pertaining to the Twin City policy because Twin City is not seeking rescission. Once available for production, Sun itself must review everything then produced, regardless of relevancy to this action. The only relevant document from this request is the Houston Casualty Primary Policy of which Twin City has a copy. This request is so overbroad it should be prohibited. *United*

---

[5] A copy of the at-issue requests are set forth on Ex. C.

*Technologies Corp. v. Mazer*, 05-80980-CIV, 2007 WL 788877, at *3 (calling a similar request "so amorphus [sic] as to have no limiting principle").

### iii.  Request Nos. 26, 27

This request is not limited in time or scope, vaguely seeking upwards of twenty one categories of documents "relating to" the renewal of the Houston Casualty policy or Sun's application for *other policies* from Houston Casualty following the issuance of the Houston Casualty policy, neither of which will inform issues in this case. This request should be prohibited as overbroad and irrelevant.

### CONCLUSION

WHEREFORE, Plaintiff, Sun Capital Partners, Inc., respectfully requests that this Court enter an Order quashing the subpoena and/or enter a protective order regarding same.

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**
*Counsel for Plaintiff*
100 S.E. 2nd Street – 30th Floor
Miami, FL  33131-2151
Tel: 305-577-3996
Fax: 305-577-3558


*/s/R. Hugh Lumpkin*
**R. Hugh Lumpkin, Esq.**
Florida Bar No. 308196
hlumpkin@vpl-law.com
**Janine Q. Menendez-Aponte, Esq.**
Florida Bar No. 84589
jmenendez-aponte@vpl-law.com
**Christopher T. Kuleba, Esq.**
Florida Bar No. 105302
ckuleba@vpl-law.com

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9th, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List *via* transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/R. Hugh Lumpkin*

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

# SERVICE LIST

*Sun Capital Partners, Inc. v. Twin City Fire Insurance Co.*
CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

David M. Leonard, Esq.
Catherine Salinas Acree, Esq.
David J. Forestner, Esq.
*Counsel for Twin City Fire*
Carlton Fields Jorden Burt, P.A.
One Atlantic Center
1201 West Peachtree St., Suite 3000
Atlanta, GA 30309
Telephone: 404-815-3380
Fax: 404-815-3415
Email: dleonard@cfjblaw.com
Email: cacree@cfjblaw.com
Email: dforestner@cfjblaw.com
*Via CM/ECF Transmission*

Michael R. Delhagen, Esq.
Courtney E. Scott, Esq.
*Co-Counsel for Twin City Fire*
Tressler LLP
One Penn Plaza, Suite 4701
New York, NY 10119
Telephone: 646-833-0900
Email: mdelhagen@tresslerllp.com
Email: cscott@tresslerllp.com
*Via CM/ECF Transmission*

Joseph Ianno, Jr.
Carlton Fields Jorden Burt, P.A.
*Counsel for Twin City Fire*
525 Okeechobee Blvd.
Suite 1200
West Palm Beach, FL 33401
Phone: 561-659-7070
Fax: 561-659-7368
Email: jianno@cfjblaw.com
*Via CM/ECF Transmission*