UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81397-CIV-MARRA/MATTHEWMAN

SUN CAPITAL PARTNERS, INC.,

    Plaintiff,

vs.

TWIN CITY FIRE INSURANCE
COMPANY,

    Defendant.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENAS RELATED TO THE UNDERLYING LITIGATION [DE 56]

**THIS CAUSE** is before the Court upon Plaintiff, Sun Capital Partners, Inc.'s Motion to Quash and/or Motion for Protective Order Regarding Subpoenas Related to the Underlying Litigation [DE 56]. Defendant, Twin City Fire Insurance Company, filed a Response in opposition [DE 64]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra [DE 22]. The undersigned held a hearing on this matter on September 19, 2014. [DE 67]. Following the hearing, the parties submitted supplemental memoranda. [DEs 70, 72]. This matter is now ripe for review.

### I.    *Background*

This is a breach of contract action arising from a separate underlying civil action. Plaintiff alleges that Defendant breached certain terms of an insurance contract by failing "to comply with its defense reimbursement and indemnity obligations under an excess 'follow form'

insurance policy issued to Plaintiff in connection with [an underlying lawsuit]."[1]  [DE 56, pp. 1-2].

## II.  *Subpoenas at Issue in this Case*

Defendant issued subpoenas to the following non-parties:

    a. Mervyn's Klaff Equity, LLC

    b. Acadia Realty Trust, LLC

    c. MDS Realty Holdings, I, LLC; and

    d. JDA Agent, LLC

### a. Subpoenas Served on Mervyn's Klaff, Acadia, and MDS

Defendant subpoenaed the following eleven paragraphs of documents from non-parties Mervyn's Klaff, Acadia, and MDS:

1. The policies of insurance that provided coverage or that you allege or alleged provided to [the subpoenaed party] for the allegations made against [the subpoenaed party] in the 2008 Litigation;

2. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications, and all other documents of any type discussing, evaluating, reviewing, reporting or otherwise relating to coverage under any policy of insurance for the 2008 Litigation;

3. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications,

---

[1] The style of the underlying case is *Mervyn's, LLC v. Lubert-Adler & Klaff Partners, LP, et al.*, No. 08-51402 (Bankr. D. Del. 2008).  [DE 56, p. 2].

2

and all other documents relating to any settlement negotiations or discussions between you and any other defendant to settle the 2008 Litigation or the 2009 Litigation;

4. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications, and all other documents relating to any settlement negotiations or discussions between you and any plaintiff to settle the 2008 Litigation or the 2009 Litigation;

5. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications, and all other documents relating to any allocation of covered versus non-covered claims under any policy providing coverage for the 2008 Litigation or the 2009 Litigation.

6. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications, and all other documents relating to any negotiations between you and Sun Capital to allocate the settlement amounts between the 2008 Litigation and the 2009 Litigation.

7. Any documents relating to any agreement with any other defendant relating to the reimbursement, indemnification, allocation, or payment for litigation expenses or settlement amounts of the 2008 Litigation or the 2009 Litigation;

8. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications, or other documents relating to any proposed, purported, suggested, or accepted allocation (including but not limited to no allocation) between covered and non-covered claims, counts, allegations, invoices, fees, expenses, costs, or amounts associated with or allegedly associated with the 2008 Litigation or the 2009 Litigation.

9. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications, or other documents relating to the amount that you contributed to the settlement of the 2008 Litigation

10. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications, or other documents relating to any payments you, or anyone on your behalf, made toward the settlement of the 2008 Litigation and/or 2009 Litigation.

11. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, claim notes, claim files, summaries, notes of internal communications, or other documents relating to any agreement indemnifying you for payment for litigation expenses or settlement amounts of the 2008 Litigation or the 2009 Litigation.

b. **Subpoenas Served on JDA Agent**:

Defendant subpoenaed the following three paragraphs of documents from non-party JDA:

4

1. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, notes, files, summaries, notes of internal communications, and all other documents of any type discussing, evaluating, reviewing, reporting or otherwise relating to the contributions by the defendants to settle the 2008 or the 2009 Litigation;

2. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, notes, files, summaries, notes of internal communications, and all other documents relating to the actual payments made to you by the defendants in the 2008 Litigation and the 2009 Litigation;

3. All correspondence, notes, memoranda, messages, reports, e-mails, electronic files, notes, files, summaries, notes of internal communications, and all other documents relating to the payments made by you to plaintiffs relating to the settlement of the 2008 Litigation or the 2009 Litigation.

Plaintiff objects to the entirety of all the subpoenas served on these entities; Plaintiff maintains that "[e]ach subpoena seeks information that is privileged and/or immune from disclosure and/or irrelevant to this insurance coverage action." [DE 56, p. 1]. Plaintiff also argues that Defendant's subpoenas are vague, overbroad, unduly burdensome, seek irrelevant information, and that Defendant "made no attempt to narrowly tailor its requests." [DE 56, p. 3]. Furthermore, Plaintiff asserts that the information requested in the subpoenas is protected under the joint defense or common interest privilege. [DE 56, p. 3].

### III. *Legal Standard*

Federal Rule of Civil Procedure 26(b)—which governs the scope of discovery—provides,

in pertinent part, that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes to Rule 26 explain that "[t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Adv. Com. Notes, 1946 Amendment, Fed. R. Civ. P. 26. The Advisory Committee Notes also cite with approval case law which states, "the Rules . . . permit 'fishing for evidence as they should.'" *Id.* (citation omitted); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."). "[I]t is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules." *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008).

Under Rule 26(c)(1), "any person from whom discovery is sought may move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c)(1). For good cause, a court may issue a protective order providing a variety of remedies, such as precluding the discovery altogether or "specifying terms . . . for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(A)–(B). The party seeking a protective order must demonstrate "'good cause' for the protection sought." *Wrangen*, 593 F. Supp. 2d at 1277. "'Good cause' has been defined as a 'sound basis or legitimate need to take judicial action.'" *Id.* (quoting *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). "The party requesting a protective order must make a specific

demonstration of facts in support of the request. A court must then balance the competing factors involved in determining whether good cause has been shown." *Id.* The court may grant a party's request for a protective order if a subpoena served on a third party requests irrelevant information. *Auto-Owners Ins. Co. v. Southeast Floating Dock, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). Federal Rule of Civil Procedure 45 gives the Court the power to quash or otherwise modify a subpoena. Fed. R. Civ. P. 45(d)(3).

## IV. *Analysis*

At the outset, the Court notes that the documents sought by Defendant are, in large part, relevant to the issues in this lawsuit. Defendant's subpoenas are generally not overly broad or otherwise objectionable, as Plaintiff argues. [DE 56, p. 5]. In deciding this discovery dispute, the Court will first discuss the issues in broad terms, and will then turn to the specific paragraphs of each subpoena.

### a. Nature of the Insurance Policy

One of the main disputes in this case is the *nature* of the insurance policy at issue, that is, whether it is a "liability policy" or an "indemnity policy." Plaintiff argues that the policy is a "liability policy." [Tr. DE 69, p. 6, lines 20-21]. Defendant, on the other hand, argues that the policy at issue is an "indemnity policy." [Tr. DE 69, p. 19, lines 18-19]. The Court does not need to decide at this juncture which type of policy is at issue. However, there appears to be a genuine dispute as to the nature of the insurance policy between Plaintiff and Defendant, and the parties are therefore entitled to conduct discovery on the matter. Accordingly, Defendant's subpoenas—which seek information as to the nature of the insurance policy—shall not be quashed and a protective order shall not be entered.

### b. Proof of Payment Issue

Plaintiff argues that proof of actual payment is irrelevant [Tr. DE 69, p. 9, lines 10-11], while Defendant argues that proof of actual payment is relevant because it does not have any obligation to pay Plaintiff for something that Defendant is not legally obligated to pay. [Tr. DE 69, p.20, lines 17-18]. The Court finds that this inquiry is relevant and likely to lead to the discovery of admissible evidence under Federal Rule of Civil Procedure 26; therefore, discovery shall be allowed on this issue.

### c. Allocation Issue

Defendant argues that it needs the documents as to other insurance policies because allocation is an important issue in the case [Tr. DE 69, p.18, line 15], especially since Plaintiff's Complaint asserts that Defendant did not allocate properly for defense costs or for the settlement of the underlying lawsuit. [Tr. De 69, p.23, lines 13-18]. Defendant asserts that it needs to determine the other coverages and compare the allocations. [Tr. DE 69, p.23, lines 19-25]. Plaintiff argues that these other policies and allocations are irrelevant, and that the only relevant policy is the one issued to Plaintiff by Houston Casualty and Defendant. [Tr. DE 69, p. 16, lines 3-9]. The Court again finds that such documents do meet the relevancy standard of Rule 26.

### d. Common Interest Exception

Plaintiff claims that the documents sought are protected by a joint defense privilege. [DE 56, p. 3].[2] As Plaintiff argues in its Motion, "the Joint Defense Privilege operates as a shield to preclude waiver when a disclosure of confidential information is made to a third party

---

[2] In its Motion, Plaintiff states that, depending on the jurisdiction, the "joint defense privilege" is also referred to as, *inter alia*, the "common interest exception." [DE 56, p. 3, n.7].

8

who shares a community of interest with another party." [DE 56, p. 4]. Defendant argues that what it refers to as a "common interest exception" is very limited and that Plaintiff's position "surpasses the limited confines of the exception." [DE 64, pp. 3-4]. Defendant further argues that even if certain responsive documents fall under the common interest exception, "[Defendant] shares that common interest with [Plaintiff]." [DE 64, p. 4]. Defendant goes on to argue that this shared common interest "renders [Plaintiff's] communications discoverable, and, with no privilege attaching to the subpoenaed parties' communications (absent their objection), there is little, if anything, left for which [Plaintiff] can object." [DE 64, p. 4]. The Court agrees with Defendant's argument that Plaintiff cannot claim a common interest exception for every document and further finds that Defendant shares a common interest with Plaintiff. [DE 64, pp. 3-5].

### e. Less Intrusive Means of Discovery Argument

Plaintiff argues that Defendant can obtain the discovery it seeks by less intrusive means, such as depositions, as opposed to subpoenas. [DE 70, p. 2 and pp. 9-10]. However, the Court is not inclined to tie Defendant's hands and prevent it from seeking relevant documents pursuant to its lawfully issued subpoenas merely because the option of taking depositions is also available to Defendant. Defendant's subpoenas do not appear to be unduly burdensome, as asserted by Plaintiff.[3] [DE 56, p. 5].

---

[3] If any of the subpoenaed entities determine in good faith that its production as required by the subpoena and this Order is unduly burdensome, it may seek relief from the court by filing a separate motion and making a detailed showing by way of affidavit as to how the request is burdensome, the time or expense necessary to respond to the subpoena, efforts that have been made to resolve the issue with the party seeking the documents, and any other relevant facts.

### f. Standing

Defendant argues that Plaintiff lacks standing to challenge the subpoenas, as they place no production requirements on Plaintiff. [DE 64, p. 5]. Defendant asserts that "[p]arties lack standing to challenge subpoenas served on nonparties unless a party has a personal right or privilege with respect to the subject matter of the materials subpoenaed." [DE 64, p. 5]. The Court finds that Plaintiff does have standing to challenge the subpoenas at issue; under Federal Rule of Civil Procedure 26(c), a party to a lawsuit may move the Court for entry of a protective order and challenge third-party subpoenas on the basis that they seek irrelevant information. *See Auto Owners Ins. Co.*, 231 F.R.D. at 429. Here, Plaintiff styled its Motion as a Motion to Quash and/or Motion for Protective Order, and did argue that the subpoenas sought irrelevant information.

### V. *Rulings as to Each Paragraph of the Subpoenas to Mervyn's Klaff, Acadia Realty Trust, and MDS Realty*

As to the subpoenas to Mervyn's Klaff, Acadia Realty Trust, and MDS Realty, they each seek the same eleven paragraphs or categories of documents. [DE 56-1, 56-2, 56-3]. The Court rules as follows on each of the eleven paragraphs contained within the three subpoenas:

Paragraph 1: All responsive documents shall be produced.

Paragraph 2: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 3: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 4: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 5: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 6: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 7: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 8: This request is vague, confusing, overbroad, and appears to be covered in other requests above. No response is required to this paragraph.

Paragraph 9: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 10: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 11: Subject to any claim of privilege, all responsive documents shall be produced.

Any good faith claim of privilege made in connection with these subpoenas shall be made within 20 days of the date this Order is served upon the subpoenaed entity or its counsel and shall be accompanied by a specific and detailed privilege log in compliance with the Local Rules of the Southern District of Florida.

All responsive documents not subject to a good faith claim of privilege shall be produced by the subpoenaed entity within 20 days of the date this Order is served upon the subpoenaed entity or its counsel.

## VI. *Rulings as to Each Paragraph of the Subpoena to JDA Agent, LLC*

As to JDA Agent, LLC, the subpoena request is much more limited, and Defendant is only seeking payment information—that is, who Plaintiff received the payments from, who it made payments to, and the dates such payments were made and received. [Tr. DE 69, pp. 27-28]. The subpoena to JDA only seeks three paragraphs or categories of documents. The Court makes the following findings on each of the three paragraphs below:

Paragraph 1: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 2: Subject to any claim of privilege, all responsive documents shall be produced.

Paragraph 3: Subject to any claim of privilege, all responsive documents shall be produced.

Any good faith claim of privilege made in connection with these subpoenaed documents

11

shall be made within 20 days of the date this Order is served upon JDA Agent, LLC or its counsel, and shall be accompanied by a specific and detailed privilege log in compliance with the Local Rules of the Southern District of Florida.

All responsive documents not subject to a good faith claim of privilege shall be produced by JDA Agent, LLC within 20 days of the date this Order is served upon JDA Agent, LLC or its counsel.

### VII. *Conclusion*

In sum, as discussed in more detail above, the Court will allow Defendant to obtain documents pursuant to its subpoenas issued to Mervyn's Klaff Equity LLC, Acadia Realty Trust, LLC, MDS Realty Holdings, I, LLC, as to the following general classes of documents:

    A. The nature of the insurance policies;

    B. Documents regarding allocation; and

    C. Documents regarding payment for defense fees and for the settlement.[4]

To the extent the subpoenas seek documents as to the nature of the insurance policies or to determine whether Plaintiff made any payments towards settlement or defense of the underlying fraud litigation, the Motion to Quash is **DENIED**, as those documents are relevant to the instant case. To the extent the subpoenas seek documents which reflect allocation or show whether Plaintiff contributed to the settlement, or to "team fees," the Motion to Quash is **DENIED**, as those documents are relevant. To the extent that Plaintiff claims some of the paragraphs of the four subpoenas are overbroad, vague, or confusing, the Motion to Quash is

---

[4] During the September 19, 2014 hearing [DE 67], defense counsel indicated that these three classes of documents were of the greatest importance. [Tr. DE 69, pp. 26-27].

**GRANTED**, only as to paragraph 8 of the three subpoenas issued to Mervyn's Klaff, Acadia Realty Trust, and MDS Realty.

The Court will also allow Defendant to obtain documents pursuant to its subpoena issued to JDA Agent, LLC., as specifically described above, as the Court finds that those documents meet the relevancy standard of Rule 26 and are not overly broad or vague. Accordingly, as to JDA Agent, LLC, the Motion to Quash is **DENIED**.

Defendant shall forthwith serve a copy of this Order upon each of the four subpoenaed entities or their respective counsel. Each of the four subpoenaed entities shall have 20 days from the date it receives a copy of this Order to produce the responsive documents to which it does not assert a good faith claim of privilege, and, if any entity does assert a good faith claim of privilege, it shall within the same 20 day period produce a specific and detailed privilege log in accordance with the Local Rules of the Southern District of Florida as to those documents it claims in good faith a privilege applies.

In light of the foregoing, and as set forth above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Quash and/or Motion for Protective Order Regarding Subpoena Related to the Underlying Litigation [DE 56] is **GRANTED IN PART AND DENIED IN PART**, as discussed above.

**DONE AND ORDERED** in Chambers this 3rd day of December, 2014 at West Palm Beach, in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE