UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

SUN CAPITAL PARTNERS, INC.

    Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY,

    Defendant,
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE OR FILE SUR-REPLY OR FOR ADDITIONAL DISCOVERY [D.E. 87]**

Plaintiff, Sun Capital Partners, Inc. ("Sun"), pursuant to S.D. Local Rule 7.1, responds in opposition to Defendant, Twin City Fire Insurance Company's ("Twin") Motion to Strike or File Sur-Reply or for Additional Discovery ("Motion") [D.E. 87], as follows:

Twin seeks to strike Sun's Reply Memorandum in Support of its Motion for Choice of Law Determination ("Reply") [D.E. 86] or conduct additional open-ended discovery based on its unfounded contention that Sun improperly injected "new evidence" in its Reply. Because Sun's Reply is appropriately "limited to rebuttal of matters raised in the memorandum in opposition," S.D. Local R. 7.1(c), Twin's Motion must be denied.[1]

In its Motion for Choice of Law Determination, Sun asserted that the choice of law analysis resulting in application of Florida law applies to both the Twin excess policy and the underlying HCC primary policy at issue in this litigation. [D.E. 82 at 2, n.2] ("Although the primary policy typically governs the choice of law analysis for a follow-form excess policy like Twin City's, . . . that question need not be decided here because both policies were issued for

---

[1] Twin failed to confer with the undersigned regarding the issues raised in its Motion or to include the certificate of conference as required by S.D. Local R. 7.1(a)(3). *The motion is due to be denied on this basis alone. Id.* ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion . . . .").

delivery in the same manner."). Supporting its choice of law analysis, Sun referenced the Declarations page of the Twin policy supporting delivery of the policy at Sun's Florida address and attached to its motion an email from Twin underwriter Ho-Tay Ma establishing the binder for the Twin policy was simultaneously delivered to Sun's national broker and agent, Marsh, at both its New York and Florida offices. *Id.* at 5, Ex. A.

Although the two policies were delivered in the same manner, Sun focused its analysis on the Twin excess policy because Twin argued in its Supplemental Response to Sun's Motion to Quash Subpoenas and/or Motion for Protective Order that, "[t]he [Twin] Policy was issued by Twin City to Sun's brokers in New York, thus New York substantive law controls." [D.E. 72 at n.2]. Twin did not mention the HCC policy as controlling the choice of law determination until its November 10, 2014 Brief in Response to Sun's Motion for Choice of Law Determination ("Response") [D.E. 83]. In its Response, Twin argued that Sun's choice of law motion is "premature, unsupported and must be denied" because Sun presented "no evidence of where the [HCC] Primary Policy was made." *Id.* at 2. Sun addressed this argument in its Reply in part through filing the Zaleski Declaration,[2] which merely confirmed that the facts set forth in Sun's Motion regarding delivery of the Twin policy also applied to delivery of the HCC policy as Sun had initially asserted.[3]

Twin cannot now use its own shifting argument on choice of law as a sword to strike Sun's Reply, which appropriately addressed arguments raised in Twin's Response, or to begin a new phase of discovery at this stage of the litigation on a legal issue that can and should be determined from the face of the policies alone. The record evidence establishes that both the HCC policy and Twin policy were delivered in Florida to Sun – a Florida corporation with its principal place of business in Florida as listed on the policies. No other facts or discovery are necessary to determine choice of law. *See*, *e.g.*, *Sparta Ins. Co. v. Colareta*, 990 F. Supp. 2d

---

[2] Nancy Zaleski is the Vice President of Marsh USA, Inc. ("Marsh"), Sun's broker for the policies at issue.

[3] Although Twin moves to strike Sun's Reply in its entirety, it concedes this is incorrect, and that only the "new evidence [which] is in violation of Local Rule 7.1(c) . . . should be struck." Mot. at 1. Because Twin has not identified any other part of the Reply it deems inappropriate, the Court should not consider striking the Reply in its entirety. *See*, *e.g.*, *Williams v. Asplundh Tree Expert Co.*, 3:05CV00479 J33MCR, 2006 WL 1793551, at *3 (M.D. Fla. 2006) (striking only inadmissible portions of affidavit).

1357, 1362 (S.D. Fla. 2014) ("In a case involving an insurance policy, the place where the contract was executed is . . . 'the place where the policy is delivered.'").

## ARGUMENT

Twin's legal argument is limited to a handful of cases standing for the general proposition that a reply memorandum may not raise new arguments or evidence. Mot. at 1-2. But the very cases Twin cites undermine its position. As this Court recently explained in *Baltzer v. Midland Credit Management, Inc.*, 14-20140-CIV, 2014 WL 3845449 (S.D. Fla. Aug. 5, 2014), "there is '[a] significant difference . . . between new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other' when they are raised in reply briefs." *Id.* at *1 (quoting *Giglio Sub S.N.C. v. Carnival Corp.,* No. 12–21680–CIV, 2012 WL 4477504, at *2 (S.D. Fla. 2012)).

"To that end, Local Rule 7.1(c)(1) carves out a limited exception to the general no new-arguments/evidence-rule and permits a movant to 'serve a reply memorandum with affidavits, declarations, or other materials, provided that all such materials are strictly limited to rebuttal of matters raised in the opposing memorandum.'" *Baltzer*, 2014 WL 3845449, at *2 (quoting *Morrison v. Quality Transps. Servs., Inc.,* 474 F.Supp.2d 1303, 1313–14 (S.D. Fla. 2002)). "Consequently, 'affidavits and declarations [attached to a reply brief] may contain facts not previously mentioned in the underlying motion, 'as long as the facts rebut elements of the opposition memorandum and do not raise wholly new factual issues.'" *Baltzer*, 2014 WL 3845449, at *2 (quoting *Giglio,* 2012 WL 4477504, at *2).

The Zaleski Declaration does not raise new factual issues. Sun argued in its Motion for Choice of Law Determination that delivery of the policy generally constitutes the "last act" necessary to execute a contract and that the policies and binders were delivered to Sun in Florida. [D.E. 82 at 3-4]. Sun's Reply confirmed these facts with evidentiary support from the Zaleski Declaration to rebut Twin's argument (for the first time in its Response) that the HCC policy controlled choice of law and that Sun presented "no evidence of where the [HCC] Primary Policy was made." [D.E. 83 at 2]. This is almost identical to the circumstances in *Baltzer*, where the plaintiff argued in response to a motion to compel arbitration that the defendant had not conclusively demonstrated it was the owner of the underlying debt and the defendant "submitted the Supplemental Declaration to further their argument that [it] is the owner of the underlying debt." 2014 WL 3845449, at *2. Although the *Baltzer* court ultimately allowed the

plaintiff to file "a brief **3–page** sur-reply to respond only to the new evidence in the Supplemental Declaration", it refused to strike the affidavit or allow additional discovery. 2014 WL 3845449, at *3. For the same reasons, Sun's Reply should not be stricken here.[4]

Twin's request for additional discovery should also be denied. First, as Sun previously explained, discovery is and should not be necessary to confirm the key integer to Florida's choice of law rule – delivery of the policy. Second, as the Court is aware, significant discovery has already taken place and everything necessary to determine choice of law has been produced. The Zaleski Declaration does not reference any new evidence or attach any exhibits; it merely confirms what has been established through documentary evidence already produced in this litigation. Under these circumstances, "[t]here would thus seem to be little basis for the district court to need to permit further discovery." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 789 (11th Cir. 2008) (denying Appellants' request for additional discovery they argued was necessary to respond to arguments allegedly raised for the first time in reply brief on summary judgment that district court determined "would be unnecessary and unhelpful").

## CONCLUSION

Because Sun's Reply is appropriately "limited to rebuttal of matters raised in the memorandum in opposition," S.D. Local R. 7.1(c), the Reply should not be stricken and Twin should not be permitted additional discovery. Accordingly, Sun respectfully requests this Court enter an order denying Twin's Motion.

---

[4] The other cases Twin cites are dissimilar in that they address new factual issues raised for the first time in a reply brief or are otherwise inapplicable. *See TCC Air Services, Inc. v. Schlesinger*, 05-80543-CIV, 2009 WL 565516, at *7 (S.D. Fla. 2009) (refusing to consider new evidence on reasonableness of fees introduced for the first time in reply memorandum); *Willis v. DHL Global Customer Solutions (USA), Inc.*, 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. 2011) ("Defendant thus argues for the first time in its Reply that Plaintiff's failure to prove a *prima facie* case and failure to establish pretext bars her FCRA claims in addition to her § 1981 claims."); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1515 (S.D. Fla. 1996) ("The Court finds that [the affiant] failed to support these allegations with the proper foundation and will therefore not consider those assertions in adjudicating the motion for Partial Summary Judgment.").

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**
*Counsel for Plaintiff*
100 S.E. 2nd Street – 30th Floor
Miami, FL  33131-2151
Tel: 305-577-3996
Fax: 305-577-3558


*s/R. Hugh Lumpkin*
**R. Hugh Lumpkin, Esq.**
Florida Bar No. 308196
hlumpkin@vpl-law.com
**Arya Attari, Esq.**
Florida Bar No. 58847
aattari@vpl-law.com
**Christopher T. Kuleba, Esq.**
Florida Bar No. 105302
ckuleba@vpl-law.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List *via* transmission of Notice of Electronic Filing generated by CM/ECF.


By: */s/R. Hugh Lumpkin*
     R. Hugh Lumpkin

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

# SERVICE LIST
*Sun Capital Partners, Inc. v. Twin City Fire Insurance Co.*
CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

David M. Leonard, Esq.
David J. Forestner, Esq.
*Counsel for Twin City Fire*
Carlton Fields Jorden Burt, P.A.
One Atlantic Center
1201 West Peachtree St., Suite 3000
Atlanta, GA 30309
Telephone: 404-815-3380
Fax: 404-815-3415
Email: dleonard@cfjblaw.com
Email: dforestner@cfjblaw.com
*Via CM/ECF Transmission*

Michael R. Delhagen, Esq.
Courtney E. Scott, Esq.
*Co-Counsel for Twin City Fire*
Tressler LLP
One Penn Plaza, Suite 4701
New York, NY 10119
Telephone: 646-833-0900
Email: mdelhagen@tresslerllp.com
Email: cscott@tresslerllp.com
*Via CM/ECF Transmission*

Joseph Ianno, Jr.
Carlton Fields Jorden Burt, P.A.
*Counsel for Twin City Fire*
525 Okeechobee Blvd.
Suite 1200
West Palm Beach, FL 33401
Telephone: 561-659-7070
Fax: 561-659-7368
Email: jianno@cfjblaw.com
*Via CM/ECF Transmission*