UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

SUN CAPITAL PARTNERS, INC.

      Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY,

      Defendant,
_____/

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH SUBPOENA TO CERBERUS PARTNERS, LP**

Plaintiff, Sun Capital Partners, Inc. ("Sun"), pursuant to Fed. R. Civ. P. 26(c), 45 and S.D. Fla. L.R. 26.1(h)(3) moves for entry of a protective order and/or for an order quashing the subpoena Twin City Fire Insurance Company ("Twin") issued to non-party Cerberus Partners, LP ("Cerberus") ("Subpoena") (Ex. A). The Subpoena seeks information that is privileged and/or immune from disclosure and in part seeks documents irrelevant to this insurance coverage action.

## FACTUAL BACKGROUND

This action arises out of Twin's refusal to honor its contractual obligations to Sun under an excess "follow form" insurance policy (the "Policy"). Sun seeks reimbursement of defense costs and indemnity incurred by it to settle a September 2, 2008 lawsuit filed by the Official Committee of Unsecured Creditors of Mervyn's (the "Committee") against 43 defendants, including Sun, Mervyn's Klaff Equity, LLC, Acadia Realty Trust, LLC, MDS Realty Holdings I, LLC, KLA/Mervyn's, KLA/Lubert Adler and Cerberus (collectively "Co-Defendants") (the "Underlying Action").[1] The Underlying Action alleged fraud and breaches of fiduciary duty arising out of the Co-Defendants' collective purchase of Mervyn's in 2004 and subsequent transfers, payments and obligations.

---

[1] *Mervyns, LLC v. Lubert-Adler, et al.*, Case No. 08-51402 (Bankr. D. Del. 2008).

Twin previously issued subpoenas to Co-Defendants Mervyn's Klaff Equity, LLC; Acadia Realty Trust, LLC; and MDS Realty Holdings I, LLC, and JDA Agent, LLC – an entity established by KLA/Mervyn's, LLC to administer the Co-Defendants' settlement account created to facilitate the funding of the October 5, 2012 settlement (the "Settlement"). Those subpoenas were the subject of Sun's September 10, 2014 Motion to Quash and/or Protective Order Regarding Subpoenas Related to the Underlying Litigation ("MPO") [D.E. 56], and the Magistrate Judge's December 3, 2014 Order Granting in Part and Denying in Part the MPO (the "Order") [D.E. 88]. Sun filed its Objections to the Order on December 18, 2014 to the extent it held that Twin shares a common interest with Sun, thus obligating Sun and, curiously, its Co-Defendants with no relation to Twin, to produce documents otherwise subject to attorney-client privilege and work product immunity ("Objections") [D.E. 94].

The present dispute involves a similar Subpoena issued to Sun's Co-Defendant, Cerberus. While many of the requests are virtually identical to those in the prior subpoenas, Sun asserts the joint defense privilege here in order to preserve that privilege pending resolution of its Objections to the Order. Sun also raises additional objections to the extent certain new requests are overly broad and seek irrelevant information and/or work-product related to this coverage litigation.

## ARGUMENT AND MEMORANDUM OF LAW

Rule 26(c)(1) allows for a protective order precluding any type of discovery "for good cause shown." Fed. R. Civ. P. 26(c)(1). Rule 45 permits a court to quash or modify a subpoena if it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii). The purpose is to protect "the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information. Litigants "clearly [have] standing to move for a protective order [under Rule 26(c)] if the subpoenas seek irrelevant information." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *see also Great Lakes Trans. Holding, LLC v. Yellow Cab Servc. Corp. of Fla.*, No. 10-80241-CIV, 2011 WL 465507, *5, n.6 (S.D. Fla. 2011) ("Defendants possess standing to seek a protective order precluding [plaintiff] from engaging in third-party discovery that they claim is beyond the permissible scope"). Rule 45 is thus subject to the general relevancy standard under Rule 26(b)(1), as well as the standards for issuing a protective order when necessary to protect a party from "annoyance, embarrassment, and oppression." Fed. R. Civ. P. 26(c).

Review of Twin's Subpoena demonstrates it made no attempt to narrowly tailor its requests. This Court has described like requests as "akin to using a machete in place of pruning shears to give shape to an ornamental shrub." *Rosenbaum v. Becker & Poliakoff, P.A.*, 08-CV-81004, 2010 WL 623699, *11 (S.D. Fla. Feb. 23, 2010). Nearly all of Twin City's requests also call for documents "relating to" something, which is "so amorphus [sic] as to have no limiting principle." *United Tech. Corp. v. Mazer*, 05-80980-CIV, 2007 WL 788877, *3 (S.D. Fla. Mar. 14, 2007).

   A. <u>**The Documents Requested in Nos. 3-10 are Protected by the Joint Defense Privilege**</u>

   3. All documents relating to the settlement negotiations or discussions between you and any other defendant to settle the 2008 Litigation or the 2009 Litigation.

   4. All documents relating to the settlement negotiations or discussions between you and any plaintiff to settle the 2008 Litigation or the 2009 Litigation.

   5. All documents relating to any allocation of covered versus non-covered claims under any policy providing coverage for the 2008 Litigation or the 2009 Litigation.

   6. All documents relating to any negotiations between you and Sun Capital to allocate the settlement amounts between the 2008 Litigation and the 2009 Litigation.

   7. Any documents relating to any agreement with any other defendant relating to the reimbursement, indemnification, allocation, or payment for litigation expenses or settlement amounts of the 2008 Litigation or the 2009 Litigation.

   8. All documents relating to the amount that you contributed to the settlement of the 2008 Litigation.

   9. All documents relating to any payments you, or anyone on your behalf, made toward the settlement of the 2008 Litigation and/or 2009 Litigation.

   10. All documents relating to any agreement indemnifying you for payment for litigation expenses or settlement amounts of the 2008 Litigation or the 2009 Litigation.

As previously described in Sun's MPO and Objections, Sun and other principal Co-Defendants in the Underlying Action, including Cerberus (collectively "Joint Defense Team"), mounted a coordinated effort wherein the Joint Defense Team (consisting of multiple attorneys at various law firms, mainly Kirkland & Ellis, Schulte Roth & Zabel, and Kaye Scholer, and their respective clients) divided tasks among them, shared brainpower, experts, time, documents

and information. The agreement was reduced to writing on several occasions.[2] [D.E. 56-5]. As part of the Joint Defense Team's final agreement [D.E. 56-6], a settlement account was established, administered by JDA Agent, LLC, to pay the proceeds of the Settlement.

The joint defense privilege[3] permits parties with interests aligned in litigation to share materials without subjecting them to discovery. *Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, 06-21267CIV-BROWN, 2007 WL 2021939, at *1 (S.D. Fla. July 11, 2007). The joint defense privilege relates not only to the attorney-client privilege but also to an attorney's work product. *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650, 654 (S.D. Fla. 2009). The documents Twin seeks from Cerberus in Nos. 3-10 of the Subpoena are protected by the joint defense privilege. Sun hereby incorporates the arguments set forth in its briefs supporting the MPO [D.E. 56] and Objections [D.E.94] regarding the joint defense privilege as though fully set forth herein.

### B. *Request Nos. 12 and 13 are Overly Broad and Seek Irrelevant Information*

12. All engagement letters issued by Schulte Roth & Zabel related to either the 2008 Litigation or the 2009 Litigation.

13. All documents relating to Cerberus notifying Houston Casualty Company (through its agents and/or representatives) of the settlement of the 2008 Litigation and 2009 Litigation.

Temporal and practical limits must be imposed on the discovery of documents in a coverage case such as this. "Following a settlement as to which the insurer denies coverage, the existence of coverage should depend on what claims were settled; that is, it should depend on why the money was paid." *Kan. Health Care Stabilization Fund v. St. Francis Hosp.*, 203 P.3d 33, 35 (Kan. Ct. App. 2009). This determination is made by reviewing "the facts 'inherent in the settlement' or, in other words, the facts extant at the time the settlement was reached." *Travelers Indem. Co. of Ill. v. Royal Oak Enter., Inc.,* 344 F. Supp. 2d 1358, 1367 (M.D. Fla. 2004).

---

[2] There are several joint defense agreements amongst the parties, which were modified over time to include, among other issues, additional defendants that were named as the pleadings were amended.

[3] The terminology surrounding the privilege varies; some jurisdictions recognize it as the "community of interest privilege," the "common interest exception" to waiver, among others.

Because there is no temporal limitation to the requests at issue, they are overly broad and seek irrelevant information. The relevant time period to establish what allegations were actually settled, is March 27, 2012 (following the first global mediation), through November 2, 2012 (the date the Settlement was approved). Sun already produced these documents and documents pertaining to allocation, i.e., Sun's respective share of the settlement. Furthermore, the documents requested – engagement letters from Cerberus' counsel and documents relating to Cerberus' notification to its insurer – have no bearing on any issue in this case.

### C. *Request Nos. 5 and 15 Seek Work-Product Related to this Coverage Litigation*

5. All documents relating to any allocation of covered versus non-covered claims under any policy providing coverage for the 2008 Litigation or the 2009 Litigation.

15. All documents relating to Daniel Goodman's efforts on behalf of Sun to obtain insurance coverage for the settlement and defense of the 2008 Litigation.

Even if Twin did share a common interest with Sun, only those documents relevant to the purported interest shared between Sun and Twin – minimizing Sun's liability – are even arguably fair game. *See MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 602 (S.D. Fla. 2013) ("However, to be clear, the parties are not aligned as to their coverage dispute before me and, as such, [Maplewood's] communications with coverage counsel as to the present case are not discoverable."). Such purported interest in Sun's defense does not permit inquiry into defense counsel's opinions on covered versus non-covered claims or joint defense efforts made on Sun's behalf for the purposes of obtaining insurance coverage. Likewise, as none of the Co-Defendants could possibly share a common interest with Twin, documents "relating to" allocation and Mr. Goodman's efforts, to the extent privileged or immune, cannot be sought under any gossamer interest Twin may briefly have shared with Sun.

### CONCLUSION

WHEREFORE, Plaintiff, Sun Capital Partners, Inc., respectfully requests that this Court enter an Order quashing the Subpoena as requested herein and/or enter a protective order regarding same.

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**
*Counsel for Plaintiff*
100 S.E. 2nd Street – 30th Floor
Miami, FL  33131-2151
Tel: 305-577-3996
Fax: 305-577-3558


s/*R. Hugh Lumpkin*
**R. Hugh Lumpkin, Esq.**
Florida Bar No. 308196
hlumpkin@vpl-law.com
**Arya Attari, Esq.**
Florida Bar No. 58847
aattari@vpl-law.com
**Christopher T. Kuleba, Esq.**
Florida Bar No. 105302
ckuleba@vpl-law.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and via E-Mail to Marguerite E. Gardiner, Esq., counsel for Cerberus Partners, LLP.


By: */s/R. Hugh Lumpkin*
          R. Hugh Lumpkin

CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

**SERVICE LIST**
*Sun Capital Partners, Inc. v. Twin City Fire Insurance Co.*
CASE NO. 12-81397 CIV-MARRA/MATTHEWMAN

David M. Leonard, Esq.
David J. Forestner, Esq.
*Counsel for Twin City Fire*
Carlton Fields Jorden Burt, P.A.
One Atlantic Center
1201 West Peachtree St., Suite 3000
Atlanta, GA 30309
Telephone: 404-815-3380
Fax: 404-815-3415
Email: dleonard@cfjblaw.com
Email: dforestner@cfjblaw.com
*Via CM/ECF Transmission*

Joseph Ianno, Jr.
Carlton Fields Jorden Burt, P.A.
*Counsel for Twin City Fire*
525 Okeechobee Blvd.
Suite 1200
West Palm Beach, FL  33401
Telephone: 561-659-7070
Fax: 561-659-7368
Email: jianno@cfjblaw.com
*Via CM/ECF Transmission*

Michael R. Delhagen, Esq.
Courtney E. Scott, Esq.
*Co-Counsel for Twin City Fire*
Tressler LLP
One Penn Plaza, Suite 4701
New York, NY 10119
Telephone: 646-833-0900
Email: mdelhagen@tresslerllp.com
Email: cscott@tresslerllp.com
*Via CM/ECF Transmission*

Marguerite E. Gardiner, Esq.
Schulte Roth & Zabel, LLP
*Counsel for Cerberus Partners, LLP*
919 Third Ave.
New York, NY 10022
Email: Meg.gardiner@srz.com
*Via E-Mail*