UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81397-CIV-Marra/Matthewman

SUN CAPITAL PARTNERS, INC.,

    Plaintiff,

vs.

TWIN CITY FIRE INSURANCE
COMPANY,

    Defendant.
_____/



FILED by ___ D.C.

APR 2 6 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING TWIN CITY'S MOTION FOR ATTORNEY'S FEES [DE 259]

**THIS CAUSE** is before the Court upon Defendant, Twin City Fire Insurance Company's ("Twin City") Motion for Attorney's Fees ("Motion") [DE 259]. This matter was referred to the undersigned by the Honorable United States District Judge Kenneth A. Marra upon an Order referring all discovery matters to the undersigned for final disposition. *See* DE 22. Plaintiff, Sun Capital Partners, Inc. ("Sun Capital") has filed a Response to the Motion [DE 276], and Twin City filed a Reply [DE 289]. The matter is now ripe for review and disposition.

### I.     BACKGROUND

This case deals with an insured, Sun Capital, who is suing its excess insurance carrier, Twin City, for defense costs and damages incurred in underlying litigation brought against Sun Capital. *See* DE 1. Twin City disputes Sun Capital's allocation of defense costs between covered and non-covered claims in the underlying litigation. *See* DE 14. There is also a dispute between the parties as to when Twin City was given notice of the settlement of the underlying litigation and when Twin City became aware of agreements among the many defendants

1

involved in the underlying litigation as to how much each defendant would pay for shared defense costs. Both parties have conducted extensive discovery relating to the underlying litigation.

Twin City filed its Motion to Compel [DE 54] on September 3, 2014. Sun Capital filed its Response [DE 57] on September 10, 2014. Sun Capital then filed a Notice of Filing Amended Exhibit A [DE 61], a Notice of Supplemental Authority [DE 62], and a Notice of Filing Consolidated Privilege Log [DE 63]. The Court held a hearing on September 19, 2014 [DE 67], and issued a written Order [DE 68] requiring further conferral on September 22, 2014. On October 21, 2014, the parties filed their Joint Status Report [DE 79]. The Court then held a telephonic status conference on December 18, 2014 [DE 95], and entered a written Order [DE 96] on December 19, 2014 requiring further conferral and the filing of another joint status report. On December 30, 2014, the parties filed their Joint Status Report [DE 104].

On January 21, 2015, the Court entered a further written Order [DE 116] regarding the parties' requested *in camera* review. On February 20, 2015, the parties filed another Joint Status Report [DE 129]. On February 25 2015, the Court ordered that certain documents be submitted the Court for *in camera* review. *See* DE 131.

On April 21, 2015, the undersigned granted in part and denied in part Twin City's Motion to Compel [DE 54]. *See* DE 147. The Court required Sun Capital to produce the disputed documents that were listed in Exhibit A [DE 147, pp. 19-21] attached to the Court's Order. Sun Capital filed limited objections to this Order. *See* DE 156. Sun Capital also filed limited objections to two other Court Orders [DEs 168, 189], which maintained the same limited objections as to other discovery motions.

2

On August 11, 2015, the Honorable United States District Judge Kenneth A. Marra granted in part and denied in part Sun Capital's limited objections to the undersigned's discovery Orders. *See* DE 208. The matter was remanded to the undersigned to engage in a work product analysis to determine whether Sun Capital had met its burden of demonstrating that the documents it withheld from Twin City were prepared in anticipation of litigation. *Id.* This Court issued its Order [DE 243] on December 18, 2015, which resolved the remaining issues in relation to Twin City's Motion to Compel [DE 54].

## II. MOTION, RESPONSE, AND REPLY

In the instant Motion [DE 259], Twin City asserts that Sun Capital spent over fifteen months contesting the arguments in Twin City's Motion to Compel, which was ultimately granted by the Court—save one argument which was rejected. [DE 259, pp. 1, 4-6]. Pursuant to Federal Rule of Civil Procedure 37(a)(5), Twin City requests reimbursement for its costs incurred in connection with the Motions to Compel. [DE 259, p. 2]. According to Twin City, the extensive procedural history was "driven by Sun" in its effort to resist producing certain documents. *Id.* Twin City contends that, after much litigation over the Motions to Compel, Sun Capital claimed that almost 99% of the documents still being withheld on the basis of work product were merely duplicates of documents already produced by Sun Capital. [DE 259, pp. 3-4].

According to Twin City, Rule 37(a)(5) is meant to discourage parties from engaging in expensive and unnecessary discovery disputes. [DE 259, p. 12]. Twin City seeks fees that it allegedly incurred "securing each of the Orders stemming from its September 3, 2014, Motion to Compel." [DE 259, p. 13]. These fees, Twin City claims, amount to $396,646.19. [DE 259, pp. 13-14]. Twin City asserts that the hourly rates of Twin City's timekeepers are lower than

3

previously-accepted lodestar rates and are reasonable. [DE 259, pp. 15-16]. Therefore, Twin City asks the Court to award it a portion of the overall expenses Twin City incurred in prevailing on its Motion to Compel. [DE 259, pp. 16-17].

In its Response [DE 276], Sun Capital contends that its positions in asserting its privileges and immunities during discovery were substantially justified. [DE 276, p. 1]. Sun Capital claims that Twin City is seeking costs for all discovery tasks that it has completed since August 2014 in relation to its Motion to Compel. [DE 276, p. 9]. Pursuant to Local Rule 7.3, Sun Capital argues that a motion for attorney's fees must be filed within sixty days of the entry of an order giving rise to the claim. [DE 276, p. 10]. According to Sun Capital, the time to seek fees in relation to discovery issues has passed, besides those issues related to the Court's December 18, 2015 Order. *Id.* Sun Capital alleges that the Court's inquiry should be limited to whether Twin City is entitled to fees in direct connection to the December 18th Order. [DE 276, pp. 10-11].

Moreover, Sun Capital claims that expenses should not be awarded where the party's discovery positions that necessitated the motion were substantially justified. [DE 276, pp. 11-13]. Sun Capital also asserts that it was required to lodge the objections it made in order to preserve its rights on appeal. [DE 276, pp. 18-19]. Sun Capital contends that Twin City's "miscellaneous allegations" are false and unfounded. [DE 276, pp. 19-20]. Finally, according to Sun Capital, it should be permitted to object to Twin City's individual time entries relating to its Motion for Attorney's Fees. [DE 276, pp. 20-21]. In conclusion, Sun Capital asks this Court to deny the Motion in its entirety. [DE 276, p. 21].

In reply [DE 289], Twin City asserts that Sun Capital's refusal to produce documents based on work product protection was unjustified because Sun Capital's Complaint placed some

4

of counsel's communications at issue. [DE 289, p. 1]. Twin City claims that, despite Sun Capital's assertions of good faith, Sun Capital still has yet to fully comply with this Court's December 18, 2015 Order. [DE 289, p. 3]. According to Twin City, Sun Capital failed to comply with Local Rule 7.3 because it did not object to specific time entries. *Id.* Because Sun Capital did not make these objections, Twin City alleges that it was unable to narrow and address any issues Sun Capital had with the time entries. *Id.*

Twin City claims that its Motion for Attorney's Fees is timely because the issues resolved by this Court in its December 18, 2015 Order were raised in Twin City's Motion to Compel but Sun Capital delayed discovery. [DE 289, p. 4]. Finally, Twin City asserts that Sun Capital's argument that it had to "preserve its rights" has no basis because all objections to discovery are to preserve rights. [DE 289, p. 5].

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5) states in part that, if a motion to compel discovery is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, there are a number of exceptions to this rule. Specifically, the court must not order this payment if the opposing party's objection was substantially justified or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). Moreover, when a motion to compel discovery is granted in part and denied in part "the court may…after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

## IV. <u>DISCUSSION</u>

As an initial matter, Sun Capital asserts that Twin City's Motion is untimely pursuant to Local Rule 7.3. According to Local Rule 7.3(a), a motion for an award of attorney's fees or costs must be filed within sixty (60) days of entry of the order giving rise to the claim. Twin City filed its Motion to Compel [DE 54] on September 3, 2014. This Court issued an Order [DE 147] granting in part and denying in part Twin City's Motion on April 21, 2015. However, there were still issues remaining in relation to the Motion to Compel because Sun Capital filed limited objections to the Order, which were granted in part and denied in part. This Court finally decided the remaining issues in its Order [DE 243] dated December 18, 2015.

Twin City filed an Unopposed Motion for Extension of Time to move for fees in relation to the December 18, 2015 Order. *See* DE 246. The Court issued an Endorsed Order [DE 248] granting the Motion, and Twin City timely filed the current Motion [DE 259]. The Court agrees that Twin City should not have attempted to "seek[] payment in serial fashion" after every Order issued by this Court in the discovery dispute. Thus, Twin City's current Motion [DE 259] is timely.

With that being said, the Court has reviewed the Motion [DE 259], Response [DE 276], and Reply [DE 289], as well as the Supplemental Authority [DE 290] filed by Sun Capital, and all the exhibits. The Court finds that an award of attorney's fees against Sun Capital is not warranted for several reasons.

First, the Court did not fully grant Twin City's Motions to Compel [DEs 54, 97]. Twin City filed its Motion to Compel [DE 54] on September 3, 2014. On April 21, 2015, this Court issued an Order [DE 147] granting in part and denying in part Twin City's Motion. Twin City filed its second Motion to Compel [DE 97] on December 19, 2014. This Court issued an Order

[DE 180] granting in part and denying in part Twin City's second Motion to Compel on June 16, 2015. Therefore, the section of Rule 37 that applies here is Rule 37(a)(5)(C), which leaves the award of reasonable expenses up to the discretion of the judge. Because the motions were granted in part and denied in part, the Court will exercise its discretion not to award expenses to Twin City. *See Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV, 2013 WL 3243370 (S.D. Fla. June 26, 2013). The Court finds that, based on the circumstances of this case, an award of fees is not appropriate.

Second, many of Sun Capital's responses and objections were substantially justified. The United States Supreme Court has held that a party's conduct during discovery is "substantially justified" under Rule 37 if it involves a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1948). The burden of establishing justification is on the losing party. *Procaps S.A. v. Patheon, Inc.*, 2013 WL 6238647 (Dec. 3, 2013).

Sun Capital believed that there were genuine issues in producing the documents Twin City sought regarding the "common interest" doctrine, the "at issue" doctrine, and the "work product" doctrine. This Court finds that Sun Capital has met its burden of establishing that it was substantially justified in making its objections to the discovery requests. Sun Capital reasonably believed that this case was distinguishable from the *Maplewood*[1] decision on the "common interest" doctrine issue. As to the "at issue" doctrine, Sun Capital's objections were based on a reasonable interpretation of case law. Finally, the "work product" doctrine issue was a complex one requiring a fact-intensive inquiry and *in camera* review by this Court. Thus, the Court finds that Sun Capital's objections were substantially justified.

Third, an award of fees or costs would be unjust. This discovery dispute has been

---

[1] *Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550 (S.D. Fla. 2013).

complicated and lengthy because there were serious, complex issues involved.  The Court does not view Sun Capital's counsel as obstructionist or dilatory simply because they zealously sought to protect their client's interests and sought review of the undersigned's Orders.  This discovery dispute was not a simple, clear-cut dispute where the issues were straightforward and clear.  It would be unjust for this Court to award attorney's fees or costs against Sun Capital or its counsel, under Rule 37, when Sun Capital and its counsel merely vigorously advanced Sun Capital's position in a complex, confusing, and nuanced discovery dispute.  Moreover, since this Court's entry of the December 18th Order, Sun Capital has endeavored to produce the documents and comply with this Court's Order, and should continue to do so until all the documents are produced.

## V.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Twin City's Motion for Attorney's Fees [DE 259] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 26th day of April, 2016.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE